IN THE SOUTHERN DISTRICT COURT OF GEROIGA

Angela Nails,
    Plaintiff,
Vs.
Savannah Plastic Surgery,
Scott W. Vann,
Defendant,

2021 MAY 14 PM 1:00

CLERK
SO. DIST. OF GA.

Case Number **CV421 153**

## ORGINGAL COMPLAINT

Now comes the Plaintiff Angela Nails before this honorable court asking the court for justice in the health and welfare of the Plaintiff cause to be as healthy as stated in the contract between the Plaintiff and the two Defendants agreement to ensure that the elective surgery would be in the Plaintiff best interest. The Plaintiff went into the business of the Defendant and Defendant works and had two consults with two other Doctors. Two other Doctors turn the Plaintiff away basing their facts of the elective surgery being don on the Plaintiff inter thighs other than the Plaintiff thighs look nice. The Plaintiff than received a third opinion from the Defendant Scott W. Vann the Defendant agreed with the Plaintiff that the thighs reduction would give the Plaintiff a good look and help with the medical problems the Defendant and the Plaintiff talked about. Before the elective surgery, the Plaintiff had to make payment for the surgery and follow up with talking to a nurse in the office several weeks before the surgery date. It was after the date that the Defendants decision was made not to give the Plaintiff the medical help and the good look seeing the Plaintiff inter thighs looking healthy and medically to do good for the Plaintiff issues the Plaintiff continues to complain about. The Plaintiff medical insurance paid for blood work and EKG this medical work was required by the Defendant Scott W. Vann before the surgery. Even when the Defendant knew of his order to have the Plaintiff to undergo other medical precautions before the Plaintiff surgery the decision was the Defendant to continue with the Plaintiff to get the test completed and the Plaintiff Medicare medical insurance to cover those bills. At first it was the Plaintiff would need to pay out of pocket for the Plaintiff blood work at St. Joseph

Candler's outpatient clinic. The Plaintiff care was base off the communication between the Defendant Scott W. Vann and the examination questions and the Plaintiff body contour photos. Up to the time of the surgery the Defendant continue to be the surgent for the Plaintiff. Until two days before the surgery the Plaintiff was told the Defendant had discussed the Plaintiff treatment Plan with other doctors with the Plaintiff being told before doing this. The Plaintiff later received a phone call from the administrative superior telling the Plaintiff that the Plaintiff would not be having the surgery date base on all the doctors meeting and the decision for helping the Plaintiff with a better look and feeling healthy would be rejected by talking to the other doctors on staff. These other doctors are board members of the Defendant Savannah Plastic Surgery. The Defendant Scott W. Vann decision was his own medical decision as a doctor he did not consult the patient who is the Plaintiff before not taking on his choose to help the Plaintiff with skilled workmen ship of who he is as a provider. The Defendant opinion was a medical opinion of the Plaintiff seeking advise and consideration to be under the care of a medical physician to treat care and advise of what steps needed to be taken to make sure the patient would be care for under the circumstance of the Defendant medical opinion and part of the medical board ethic ethical progress of the patient. The Defendant did not only not discuss the late decision not to be the physician for the Plaintiff surgery but discussed the option of his decision with someone else other than a doctor the Staff administrative assistant was given medical information which is the Patient chart with privacy information and the cause of the diagnosis of why the treatment was being refused by the Defendant Scott W. Vann. The information was then pass on to the Plaintiff after the check up before the Plaintiff surgery testing was paid by the Plaintiff insurance and the Plaintiff cannot be treated at the same business base on the attituded of the Defendant statement of a conflict between the doctors and the patient. How is there a conflict not at the start of

becoming a patient and a conflict two days before the surgery and all the testings had been paid for the Plaintiff medical insurance paid for each of the testing. These medical testing cannot be taken for several months again because of the policy terms of Plaintiff medical insurance states testing can only be completed some many number of times for the same testing example blood work and EKG can be taken for the same medical causes due to elective surgeries etc. The Defendants fail the Plaintiff health care and the medical decision treatment terminates the Plaintiff mental state of mine and the Plaintiff ability to be able to move around without a great deal of stress, emotions, slowness of moving, slow response times, ability to walk better, run or to jog in place or outdoors, the Plaintiff ability to sit long period of time, ability to drive without stress to the body parts, the ability to achieve muscle reflex properly, the ability to use the Plaintiff judgment with fairness, the ability for the Plaintiff to help herself by not being able to do a excess of repetitions of exercise on a daily bases, ability to daily washing, ability to bend better to pick up items, ability to have daily activities, such as dancing, singing, bending, reaching, flexing, riding a bike, carrying several sheet of paper, lying in bed, sleeping better, commuting without stress, living a stress free life, living a healthy life without feeling left out of life activities such as shopping, bathing daily twice a day when the weather changes, ability to go to the restroom without pain while getting out of bed during the night or day while lying in bed, ability to get off balance while standing, walking short distances, ability to sit for long periods of times with shortness of breath makes the Plaintiff not stable hinders the Plaintiff mobility daily, ability to complete daily chores, ability to become motivated, ability to complete school assignments because of long time to keep mind on the subject topic of the assignment, ability to get up after being in spot for more than a few minutes without feeling pain, ability to sit in any seat without feeling pain, ability to drive long distances, ability to motivate myself as an

independent person, Each of the elements come from the use of the body part having the surgery would limit the abilities to being very low and not as high as the ability not to be able to do anything that would be consistent with everyday life and ability to do things at a normal pace of life. Have skin and fat removed from the thighs would reduce my size and my weight this would help the Plaintiff to do everything the Plaintiff needs to do to care for the Plaintiff own self and to have less stress and be able to do more exercise on a daily base. The Defendant decision made from other doctors working around after the change of health care for the Plaintiff is not completely what the Defendant Scott W. Vann took a oath to change his medical decision based on an opinion that he could do surgery when other doctors could not do the surgery his goal would be to use his own opinion to make his own medical decision how he would want to see things work out and how he would want a patient to live a better life. The Defendant Scott W. Vann did not use a support system that felt that the Plaintiff needed surgery and by his own omission he feels the Plaintiff having surgery it could help the Plaintiff wellness and to live a better life. The difference in not doing the surgery and doing the surgery is how the changes were made. Changes that would demonstrate his skills or abilities to count on doctor skills and abilities to make a choose base from their own opinion reorganization against the medical guidelines to accept a patient to treat failing to use proper judgement when knowing of the decision of other doctor's decisions in the same practice the Defendant should have continue to treat and accepted this opinion as an opinion best for the Plaintiff. The Defendant ethical path is to make decision from other doctors' opinion during the time of the initial consultation and not to wait until the time of the surgery or several days or a week before the surgery to discuss care of the Plaintiff treatment care base from nothing. The Plaintiff told the Defendant Scott W. Vann during the first consult that two other doctors in the practice would not do the surgery on the

Case 4:21-cv-00153-RSB-CLR   Document 1   Filed 05/14/21   Page 5 of 9

Plaintiff thighs and the Defendant said to the Plaintiff he could do the surgery but there would be a big, long scare on the inter part of the Plaintiff inter thighs and the Plaintiff was not thinking there would be any changes to the surgery not being done based on a lifetime of being healthy. The Plaintiff is basing parts of the Plaintiff complaint us the Georiga Medical Malpractice code section 9-11-9-1 and duties of the physician, deviation from standard care such as the failure to treat and not following the ethic ethical guidelines of to treat, damages and direct cause. What responsibilities under the Medical Malpractice does the physician have not to deviates from accepting the norms of the practices in the medical community the Defendant Scott W. Vann he deviates from the norms. The Defendant Scott W. Vann under no situation should have caused the Plaintiff to use their own health insurance or suggested the Plaintiff to pay out of pocket for test. The Defendant breach the standard of care of the Plaintiff. The Defendant fail to notify the patient of his decision not to continue to care and treat. The Defendant used another resource other than himself to confirm standard of care and treatment. The Defendant Scott W. Vann fail to care for the patient needs as his patient. The Defendant fail to treat the Plaintiff medical condition causing error. The error is the Defendant fail to treat patient who has medical conditions caused by medical error. The failure to monitor the patient condition to treat and the failure of delay, and the failure to treat causing irreparable harm the harm is all the things listed adding to the harm is the Defendant Scott W. Vann decision not to treat and not notifying the patient face to face with the patient.

## DAMAGES AWARD

This case the Plaintiff Angela Nails is seeking damages in the amount of seventy-three point five hundred million dollars. The Plaintiff seeks damages in the amount of $73, 500,000.00. The Plaintiff seeks these number of damages due to the injury the Plaintiff has been caused delay and suffering with body stress and pain resulting in the Plaintiff spending more time at home and in bed away from the activities the Plaintiff can do if treated timely. The Plaintiff has a history of injures from auto accidents to left foot surgery. The damage was done based on the history of events causing injuries making the Plaintiff suffering. The Defendant lack of care and treatment to help to place total control or some control depended on the Defendant Scott W. Vann and the other Defendant who hires skill employees serving the community for injuries that have occurred and could be life long lasting. The Plaintiff suffers many injuries. The Plaintiff never received the treatment of inner thigh skin and fat removal from Defendant Scott W. Vann. The Plaintiff not having the surgery kept the Plaintiff from a healthy lifestyle which the Plaintiff comes up against challenges every day.  Making it difficult for the Plaintiff to deal with stress and the problem of Defendant Scott W. Vann has made more stress place on the Plaintiff to fine and new doctor that will understand and meet the requirement that will care for the Plaintiff need. The standards of medical care in Georiga supports keeping the doctor word to make fair decisions this means to move forward with treatment which is surgeries and then to care for their patients. The Defendant decision to treat then care was in error. The error is the responsibility of the Defendant to do his duty and not to delay treatment and care. Care could be notifying the patient face to face of the decision not to treat and care for the patient with a reason why. The Defendant did not do that. The damages stem from everything in the complaint. The Plaintiff health is at risk because of more stress and long last injuries that were caused from other events. Treatment

would have given the Plaintiff a new start away from pain suffering stress and a better lifestyle. The Plaintiff injury cause stress the harm is the Defendant not doing away with the injury stress causing the surgery needed by choice of both sides. But it is still a medical decision on the part of the Defendant not all patients receive the approval of surgery. Surgery would be important to the lifestyle change and relief of pass injuries. Communication and evaluated is supportive to the surgery and relief. **THE PLAINITFF PRAY TO BE GRANTED THE DAMAGES IN THE COMPLAINT FOR REASON IN THE PLAINTIFF COMPLAINT.**

**DEFENDANT ADDRESS**

7208 Hodges Memorial Drive Savannah, Georiga 31406.

*Angela Nails*

ANGELA NAILS
10708 EGMONT ROAD
SAVANNAH, GEORIGA 31406

## SERVICE METHOD

The Plaintiff used United States Regular Mail on May 7 2021 to the address 125 Bull Street Savannah, Georiga 31401.

*Angela Nails*

ANGELA NAILS
10708 EGMONT ROAD
SAVANNAH, GEORIGA 31406

Angela Nails
10708 Egmont Road
Savannah, Ga 31406

District Court
125 Bull Street
Savannah, Ga 31401


