UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-153 |
| | ) | |
| SAVANNAH PLASTIC SURGERY | ) | |
| and SCOTT W. VANN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, appearing *pro se*, has filed a Complaint alleging violations of "medical malpractice laws of the state patient care act among other civil laws of the state federal medical laws." Doc. 1-1. It does not appear that this Court has jurisdiction to consider her Complaint. Plaintiff is **DIRECTED** file an Amended Complaint pleading jurisdiction. She is also **DIRECTED** to file a supplement to her motion to proceed *in forma pauperis*, fully providing all requested information.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff bears the

burden pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1441(b). The civil complaint cover sheet accompanying the Complaint indicates that plaintiff believes this case to fall under the Court's federal question jurisdiction. Doc. 1-1. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

When examining assertions of federal question jurisdiction, the

Court must rely upon the well-pleaded complaint.  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).  Despite asserting that jurisdiction is based on a federal question, plaintiff has identified no federal statute or constitutional right in her Complaint.  Doc. 1-1.  Even adopting a liberal reading of her Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)).  Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

In the absence of a federal question, the Court's subject matter jurisdiction might be drawn from the diversity of the parties.  28 U.S.C. § 1332.  In order to establish diversity jurisdiction before the federal courts, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Typically, the Court will accept a damage claim offered by a party in good faith.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of

jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Though the Court is highly skeptical that damages in this case are of the scale suggested, it will assume for purposes of this analysis only that they might exceed the $75,000 minimum threshold, should an appropriate civil theory be advanced. *See id.* at 289 (When considering whether a purported damages amount is made in good faith, the Court must determine to "legal certainty that the claim is really for less than the jurisdictional amount.").

Regardless of the damages sought, plaintiff has not alleged complete diversity of the parties. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp.*, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). In the complaint cover sheet, plaintiff indicates that all parties are citizens of Georgia.[1] Doc. 1-1. As complete diversity of the parties does not exist, plaintiff cannot base subject matter

---

[1] She, somewhat confusingly, indicates that she is both a citizen of Georgia and another state. Doc. 1-1. The address provided by plaintiff in the Complaint is a Georgia address.

jurisdiction on diversity.

As jurisdiction is a threshold issue, the Court will afford plaintiff one opportunity to amend her Complaint to plead the grounds on which this Court might exercise jurisdiction over her claims.[2] *See, e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2001) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Plaintiff is **DIRECTED** to file her Amended Complaint within 14 days of this Order. Failure to file an Amended Complaint will result in a recommendation that this case be dismissed.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. She has failed to provide all of the required information. *See id.* Specifically, when asked to declare whether she

---

2 [W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).

holds any cash, plaintiff responded with "excempt" [sic]. *Id*. at 2. She chose not to provide the values of other assets. *Id*. at 3. Plaintiff has not explained her assertion that she is exempt from providing any of the requested information, and the Court is aware of no such exemption. She, therefore, must fully complete the form to allow the Court to consider her motion. The Clerk of Court is **DIRECTED** to forward with this Order a copy of the Application to Proceed in District Court Without Prepaying Fees or Cost (Long Form) (AO 239). Plaintiff is **DIRECTED** to file a supplement to her pending motion using the provided form within 14 days of this Order. In completing the supplement, plaintiff must answer every question to the best of her ability. If she does not possess the information requested, she may indicate such or provide her best estimate.

**SO ORDERED**, this 21st day of May, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA