UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-153 |
| | ) | |
| SAVANNAH PLASTIC SURGERY and SCOTT W. VANN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion to proceed *in forma pauperis* (IFP). Doc. 2. Upon review, the Court directed her to file a supplemental IFP motion, fully providing all requested information. Doc. 6 at 5–6. Plaintiff has filed her supplement. Doc. 10. As it fails to comply with the Court's Order, this Complaint should be **DISMISSED**.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L. Civ. R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*,

CV491-277 (S.D. Ga. Jun. 10, 1992). Despite the instructions of the Court to provide all requested information, plaintiff's supplemental IFP motion fails to disclose the source of $144 of claimed monthly income, doc. 10 at 2, the value of jewelry, *id*. at 3, and her age and level of education, *id*. at 5. She also did not disclose the value of any assets held in bank accounts or other financial institutions, again, contrary to the Court's explicit instruction, claiming to be exempt from such disclosures. *Id*. at 2; *see* doc. 6 at 6 ("Plaintiff has not explained her assertion that she is exempt from providing any of the requested information, and the Court is aware of no such exemption. She, therefore, must fully complete the form to allow the Court to consider her motion."). Plaintiff asserts that "Georgia state, fed. laws person is excempt [sic] from books, cars, accounts savings, checking." *Id*. She has identified no statutory authority supporting this assertion, nor, again, is the Court aware of any. As plaintiff has failed to comply with the Court's Order to fully provide all requested information in support of her IFP motion, it is **RECOMMENDED** that the Complaint be **DISMISSED**.

The Court also directed plaintiff to file an Amended Complaint establishing subject-matter jurisdiction. Doc. 6 at 5. She has filed an

Amended Complaint. Doc. 9. As nothing in the Amended Complaint excuses plaintiff's non-compliance with the Court's Order, the Court makes no finding regarding its jurisdiction at this time.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED**, this 2st day of June, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA