IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANGELA NAILS,

    Plaintiffs,

v.

SAVANNAH PLASTIC SURGERY
and SCOTT W. VANN,

    Defendants.

CIVIL ACTION NO.: 4:21-cv-153

# O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's June 2, 2021, Report and Recommendation, (doc. 11), to which plaintiff has filed objections,[1] (doc. 13). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

The Court directed plaintiff to file an Amended Complaint pleading a basis for the Court to exercise jurisdiction and a supplemental motion for leave to proceed *in forma pauperis* (IFP) which provided all requested information. (Doc. 6). Her original IFP motion asserted without

---

[1] Plaintiff has filed what she captions as "Appealing the United States District Court," in which she "appeal[s] the signed Judge['s] recommendation ruling" in three of her pending cases. (Doc. 7). The purpose of this filing is not entirely clear. As no final decision has been entered, appeal to the Eleventh Circuit is not available. 28 U.S.C. § 1291. It is possible that plaintiff intends to seek reconsideration of the matter under 28 U.S.C. §636(b)(1)(a); however, such reconsideration imposes a standard of review more deferential to the Magistrate Judge's decision than the normal de novo review applied in adopting Reports and Recommendations. The Court, therefore, construes this as an objection to the Report and Recommendation. Retic v. United States, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting Castro v. United States, 540 U.S. 375, 381 (2003)).

support that she was exempt from disclosing certain information. (See doc. 2). Plaintiff filed an Amended Complaint and supplemental IFP motion; however, the revised IFP motion again failed to provide all requested information and relied on poorly defined exemptions, offering only that they were based on Georgia state law.[2] (Doc. 10).

The Magistrate Judge recommended dismissal of the Complaint for plaintiff's failure to comply with the Court's Order to provide all required information in support of the IFP motion. (Doc. 11). Plaintiff has objected to this recommendation, asserting that she is entitled to a waiver or reduction in fees because she receives Social Security benefits and a pension under the Veterans Entitlement Act. (Doc. 13). IFP status is a privilege, not an entitlement, see, Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993), and its grant is at the Court's discretion; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions); Denton v. Hernandez, 504 U.S. 25, 31 (1992); see also Lee v. McDonald's Corp., 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Contrary to plaintiff's belief, merely receiving a benefit, such as a pension or Social Security, does not mandate a waiver or reduction in Court fees. This is particularly the case when such benefits are not connected to the plaintiff's indigency, but rather are the product of her age or retirement.

She also provides various sources that she contends authorize the exemptions claimed on her IFP motions. None of the identified statutes are relevant to civil litigation before the federal courts. Georgia Code sections 18-4-20 and 44-13-41 concern the obligations of debtors under state law. O.C.G.A. § 18-4-20 (distribution of property paid or delivered to the court by a

---

[2] As the Magistrate Judge's Report and Recommendation did not consider the Amended Complaint and jurisdictional deficiency, the Court will not, at this time, make a finding on whether jurisdiction has been adequately pleaded.

garnishee); O.C.G.A. § 44-13-41 (allowing a debtor to identify $300 of property to be excluded from levy and sale). The remaining cited statue provides exemptions of property from an estate in bankruptcy cases. 11 U.S.C. § 522. None of these sources provide a valid excuse for disregarding the clear instructions of the Court.

Accordingly, the Court **ADOPTS** the Report and Recommendation, (doc. 11), as its opinion. The case is **DISMISSED WITHOUT PREJUDICE,** and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 24th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA